UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN RAMON ALVARADO IZARRARAZ,<br>Petitioner,<br>v.<br>WARDEN; et al.,<br>Defendants. | No. 1:25-cv-01774-DJC-DMC<br><br>ORDER |

**BACKGROUND**

Petitioner is a native and citizen of Mexico who is presently in the custody of Immigration and Customs Enforcement ("ICE"). (*See* ECF No. 14-; Opp'n (ECF No. 16) at 1.) On April 8, 2026, this Court ordered Respondents to provide a bond hearing for Petitioner, within seven days of the Court's order, in which Respondents bore the burden of demonstrating, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight. (Prior Order (ECF No. 18) at 2.)

On April 15, 2026, Petitioner received a bond hearing where the Immigration Judge denied bond. (*See* Notice (ECF No. 22) at 1.) Petitioner states that he received notice of his bond hearing around two hours before it was set to occur. (Reply (ECF No. 32) at 2; Valenzuela Decl. (ECF No. 32-1) ¶ 6.) Upon review of the audio recording

from the bond hearing, the Immigration Judge stated at the outset that Petitioner did not have counsel. After being sworn in, Petitioner informed the Immigration Judge that Mario Valenzuela was his attorney and wanted his attorney to be present but explained Mr. Valenzuela was presently at a different hearing. (*See* Notice at 1; Valenzuela Decl. ¶ 7.) The Immigration Judge, after checking the record, explained that no attorney had entered an appearance and told Petitioner that he may proceed without counsel or would have to request a new bond hearing with an attorney. (Notice at 1.) At this point, Petitioner stated that he was remaining silent, which he continued to do for the remainder of his proceeding. (*Id.* at 1–2.) The bond hearing nevertheless proceeded, with the Immigration Judge turning to the Government's arguments, at the end of which the Immigration Judge denied bond. (*See* Notice at 1–2.)

For his part, Mr. Valenzuela explains that he is the immigration removal defense attorney for Petitioner and entered his appearance before the Immigration Court on August 17, 2024. (Valenzuela Decl. ¶ 2.) He attests that he was in touch with Petitioner's habeas attorney regarding this Court's Prior Order and had been checking the Executive Office for Immigration Review ("EOIR") Courts & Appeals System ("ECAS") periodically. (*Id.* ¶¶ 3, 5–6, 8.) On the day of the bond hearing, Mr. Valenzuela states that still had no notice of the hearing. (*Id.* ¶¶ 5, 8–9.)

Petitioner now argues that the bond hearing was constitutionally inadequate and requests immediate release.[1] (*See generally* Mot. Immediate Release (ECF No. 26); Reply.) Respondents oppose Petitioner's requests. The matter is fully briefed.

////

---

[1] Following the April bond hearing, Petitioner filed a subsequent Petition for Writ of Habeas Corpus in No. 1:26-cv-04630-DJC-DMC. The case was ultimately dismissed without prejudice as duplicative of the instant case. (*See Alvarado Izzararaz v. Warden,* 1:26-cv-04630-DJC-DMC, (ECF No. 11).) Petitioner was appointed counsel after filing his Motion for Immediate Release. (*See* ECF No. 27.) Petitioner's appointed counsel then filed the Reply, which the Court – per counsel's request – construes as both a Reply to the Government's opposition and a Motion to Enforce the Court's Prior Order. (*See* Reply at 1.)

**LEGAL STANDARD**

The Court has jurisdiction to enforce its own orders. *See Sub-Zero, Inv. v. Wasserman*, No. 2:18-cv-00428-JFW-MAR, 2025 WL 1111551, at *3 (C.D. Cal. Mar. 27, 2025); *see also Agtuca v. Reed*, No. 86-cv-00331-RHW, 2006 WL 2009050, at *2 (E.D. Wash. July 17, 2006). Here, Petitioner's arguments are rooted in the Petitioner's denial of his right to counsel at the bond hearing, rather than the Immigration Judge's determination of the facts. Given the nature of Petitioner's claims, the Court considers whether "clear abuse" exists. *See Biwot v. Gonzales,* 403 F.3d 1094, 1096 (9th Cir. 2005) ("Absent a showing of clear abuse, we typically do not disturb an IJ's discretionary decision not to continue a hearing.")

**DISCUSSION**

Petitioner argues that Respondents violated Petitioner's due process rights in the way in which they provided the bond hearing. Specifically, he challenges the failure to provide notice of the bond hearing to Petitioner's immigration attorney, which resulted in Petitioner's forced deprivation of counsel. (Reply at 5–6.) Respondents argue that they complied with the Court's Prior Order in that they ensured Petitioner had a timely hearing and Petitioner did not have any counsel of record. (Opp'n at 2.)

The right to counsel in immigration removal proceedings is "[r]ooted in the Due Process Clause" and is "codified at 8 U.S.C. § 1362 and § 1229a(b)(4)(A)." *Usubakunov v. Garland,* 16 F.4th 1299, 1303 (9th Cir. 2021) (citations omitted). The Ninth Circuit has expressed "[t]he importance of the right to counsel, whether it is guaranteed by the Constitution or by Congressional action." *Id.* (citation omitted). Nevertheless, a noncitizen "may knowingly and voluntarily waive the right to counsel and proceed pro se." *Biwot,* 403 F.3d at 1100. To obtain a valid waiver, an Immigration Judge "must (1) inquire specifically as to whether petitioner wishes to continue without a lawyer; and (2) receive a knowing and voluntary affirmative response." *Mendoza-Mazariegos v. Mukasey*, 509 F.3d 1074, 1080 (9th Cir. 2007)

(cleaned up). Failure to obtain the necessary waiver or reasonably consider whether a continuance is warranted may constitute a denial of the right to counsel. *Hernandez-Gil v. Gonzales*, 476 F.3d 803, 806 (9th Cir. 2007).

The Court finds that Petitioner was denied his right to counsel because there was no valid waiver of the right to counsel. Even assuming the Immigration Judge's statement that Petitioner could proceed without an attorney or could request a new hearing constituted a "specific inquiry into whether Petitioner wishe[d] to continue without a lawyer" there is no evidence of a "knowing or voluntary affirmative response" from Petitioner. In fact, Petitioner's statements to the Immigration Judge that he had an attorney, named his attorney, and wanted his attorney to be present coupled with Petitioner's subsequent silence demonstrate reluctance rather than an affirmative willingness to proceed pro se. To the extent that the Immigration Judge found no appearance had been filed by Petitioner's immigration attorney, Petitioner's statements – at the very least – warranted consideration of whether a continuance was reasonable.[2] This is compounded by the fact that Petitioner's counsel attests that he had no notice of the bond hearing. *See Hernandez-Gil,* 476 476 F.3d at 808 ("When an immigrant has engaged in counsel and the [Immigration Judge] is aware of the representation, if counsel fails to appear, the [Immigration Judge] must take reasonable steps to ensure that the immigrant's statutory right to counsel is honored.").

Moreover, the Court finds that Petitioner was prejudiced by the lack of counsel. *See N.R. v. Warden*, 1:26-cv-03892-MWJS, 2026 WL 2206243, at *3 (E.D. Cal. July 30, 2026) (addressing the question of prejudice even though "in certain circumstances a noncitizen who shows that he has been denied the statutory right to be represented

---

[2] The Court notes that Mr. Valenzuela states he had entered his appearance before the Immigration Court on August 17, 2024. (Valenzuela Decl. ¶ 2; (ECF No. 32-1, Ex. 1.) At least one other district courts determined that an Immigration Judge is "at least constructively aware of the representation before the bond hearing," where counsel has filed a notice of appearance before the bond hearing. *See, e.g., Quintana Chagolla v. Mattos,* No. 2:25-cv-02435-MMD-EJY, 2026 WL 524228, at *2 (D. Nev. Feb. 25, 2026).

by counsel in an immigration proceeding need not also show that he was prejudiced by the absence of an attorney" (citing *Montes-Lopez v. Holder*, 694 F.3d 1085, 1093–94 (9th Cir. 2012) and *Ruiz v. Bondi*, 172 F.4th 673, 679 (9th Cir. 2026)). In his declaration, Mr. Valenzuela attests that "forcing a detained noncitizen to proceed without a bond packet will almost certainly ensure that no bond is granted." Additionally, Petitioner had little time to prepare for his bond hearing, as he was informed of it mere hours before he was set to appear. Ultimately, Petitioner's immigration attorney likely could have "presented better evidence" and would have understood the legal significance of the questions asked by the Immigration Judge. *Hernandez-Gil,* 476 F.3d at 809.

Accordingly, the Court finds that the bond hearing was constitutionally inadequate. *See N.R.*, 2026 WL 2206243, at *4 (collecting cases were district courts granted relief under similar circumstances).

**CONCLUSION**

Accordingly, the Court GRANTS Petitioner's Motions (ECF No. 26; 32). Within fourteen (14) days of this Order, Respondents shall afford Petitioner Juan Ramon Avarado Izzarraraz a constitutionally adequate bond hearing before an Immigration Judge. The Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or risk of flight, and Petitioner shall be allowed to have counsel present. **Respondents shall provide counsel at least five (5) days notice prior to the bond hearing**. If Petitioner is not provided with a constitutionally adequate bond hearing in this time, Respondents are ordered to immediately release Petitioner from their custody.

IT IS SO ORDERED.

Dated: **August 18, 2026**

Daniel J. Calabretta
Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE